**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| ETTA JOHNSON,<br><br>    Plaintiff,<br>    v.<br><br>ALAMEDA COUNTY SHERIFF'S<br>DEPARTMENT; DOES 1-5,<br><br>    Defendants.<br>_____/ | No. 15-cv-02418 LB<br><br>**ORDER GRANTING DEFENDANT COUNTY OF ALAMEDA'S MOTION TO DISMISS**<br><br>[ECF No. 10 ] |

## INTRODUCTION

The plaintiff Etta Johnson filed this pro se complaint under 42 U.S.C. § 1983 relating to actions she alleges the Alameda County Sheriff's deputies took against her while she was at Highland Hospital. (Complaint, ECF No. 1.[1]) She has named as defendants in the action the County of Alameda,[2] and officers of the Alameda County Sheriff's department, currently identified as Doe defendants. (*Id.*) The County of Alameda has moved to dismiss the plaintiff's complaint under Rule 12(b)(6) arguing that the plaintiff has failed to allege facts establishing a plausible *Monell* claim against the County. (Motion, ECF No. 10.) The parties have consented to magistrate judge

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

[2] The plaintiff has erroneously sued the County of Alameda as the "Alameda County Sheriff's Department."

15-cv-02418 LB
ORDER

jurisdiction. (ECF Nos. 8, 11.) Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for determination without oral argument. Upon consideration of the record in this case, the parties' moving papers, and the applicable legal authority, the court **GRANTS** the defendant County of Alameda's motion to dismiss.

## STATEMENT

### I. PLAINTIFFS' ALLEGATIONS

On or about August 18, 2014, the plaintiff alleges that she was assaulted by a young man on Clay Street in Oakland. (Complaint, ECF No. 1 at ¶ 5.) According to the plaintiff, the man "grabbed [her] keys, which were hooked around [her] right thumb and tried to grab [her] bag." (*Id.*) Police officers came and issued the man a ticket. (*Id.* at ¶ 7.)

Later that day, the plaintiff had pain in her thumb "from when [her] keys were ripped out of her hand," and she "was having a headache," so she decided to go to the hospital. (*Id.* at ¶ 8.) When the plaintiff stopped her car at 14th Street and Brush Street, the man who assaulted her earlier that day "came up and kicked the right front panel" of the plaintiff's car. The plaintiff "was very upset by the events that day and returned back to [her] house," and called the police. (*Id.* at ¶ 9.) Officers from the Oakland Police Department arrived, made a report of the car damage and summoned an ambulance for the plaintiff at her request. (*Id.* at ¶ 10.) The ambulance took the plaintiff to Highland Hospital (*Id.*)

The plaintiff believes that the hospital gave her a "sedative and a narco for pain." (*Id.* at ¶ 11.) Some time later, the plaintiff alleges that she was awakened by a nurse and was told she was going to be released from the hospital. (*Id.* at ¶ 12.) The plaintiff alleges that two nurses escorted her to the lobby because she was "unstable from the medication." (*Id.*)

The plaintiff alleges that "the nurses were going to leave [her] in the lobby, and that two [Alameda County] Sheriff's deputies in the lobby said no. They told the nurses to give [the plaintiff] to them." (*Id.* at ¶ 13.) The plaintiff asserts that "telling [her] that [she] was going to jail, the deputies threw [her] to the floor forcing [her] to land on the left side of [her] face causing severe injury and pain." (Id. at ¶ 14.) The plaintiff alleges that the female officer "put her knee into [the

1 plaintiff's] back" causing pain, bruises and continuing injury. (*Id.*) The male officer allegedly
2 "grabbed [the plaintiff's] arms, and aggressively pulled back her right thumb" causing her severe
3 pain and reportedly "tearing the tendon." (*Id.*)

4     The officers then allegedly "pulled [the plaintiff] out in front of the hospital, put [her] against
5 their car, and searched [her]." The plaintiff alleges that the deputies then "dragged [her] back
6 into the hospital and put [her] into a holding cell, still handcuffed, without any information about
7 why [she] was being arrested." (*Id.* at ¶¶ 15-16.)

8     The plaintiff then alleges that the female officer went through the files in the plaintiff's purse,
9 and took out the plaintiff's "ID."  (*Id.* at ¶ 18.) The Sheriff's deputy then allegedly "ran" the
10 plaintiff's name. The plaintiff asserts that she heard the Sheriff's deputy say: "Oh my god, she's not
11 arrested." (*Id.*) The plaintiff claims "[b]oth officers looked very nervous." (*Id.*) The plaintiff then
12 told the Sheriff's deputies that she wanted to go back into the hospital, but the deputies "told her
13 [she] couldn't" and would not "allow [her] to return to the hospital to have her injuries looked at."
14 (*Id.* at ¶ 19.) Instead, another Sheriff's deputy came and dropped the plaintiff off at her house. (*Id.* at
15 ¶ 20.)

16     The plaintiff  alleges that her thumb became swollen and that she had pains down her arm. (*Id.* at
17 ¶ 21.) A few days later, the plaintiff returned to the hospital. (*Id.*) The plaintiff alleges that she has
18 ongoing pain in her back, thumb and arm and that she has received treatment from an orthopedist.
19 She has also received treatment from a chiropractor for pain in her back allegedly caused by the
20 deputy putting her knee into the plaintiff's spine. (*Id.* at ¶¶ 21-22.)

21 **ANALYSIS**

22 **I. LEGAL STANDARD**

23     Federal Rule of Civil Procedure 8(a) requires that a complaint contain a "short and plain
24 statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A
25 complaint must therefore provide a defendant with "fair notice" of the claims against it and the
26 grounds for relief. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quotation and
27 citation omitted).

28     A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does

1   not contain enough facts to state a claim to relief that is plausible on its face. *See Twombly*, 550 U.S.
2   at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court
3   to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*
4   *Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability
5   requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.
6   (quoting *Twombly*, 550 U.S. at 557). "While a complaint attacked by a Rule 12(b)(6) motion to
7   dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of
8   his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of
9   the elements of a cause of action will not do. *Twombly,* 550 U.S. at 555 (internal citations and
10  parentheticals omitted).

11  In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true
12  and construe them in the light most favorable to the plaintiff. *See id*. at 550; *Erickson v. Pardus*, 551
13  U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007).

14  **II. DISCUSSION**

15  The County of Alameda moves to dismiss the claim against it on the grounds that the plaintiff's
16  § 1983 claim fails to establish a plausible *Monell* claim against the County. (Motion, ECF No. 10 at
17  1.) The plaintiff does not oppose the County's motion to dismiss, but requests that the court grant
18  her leave to amend to add the names of the deputies involved. (Response, ECF No. 13 at 2.) The
19  County asks that the court grants its motion to dismiss with prejudice and without leave to amend,
20  but it does not oppose the plaintiff's request that the court grant her leave to amend the complaint to
21  add the names of the deputies involved. (Reply, ECF No. 14 at 1-2.)

22  To state a claim under 42 U.S.C.§ 1983, a plaintiff must allege two elements: (1) a right secured
23  by the Constitution or laws of the United States was violated, and (2) the violation was committed
24  by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). *Wilkins v.*
25  *Alameda Cnty. Sheriff's Office*, No. C 15-1706 LB, 2015 WL 2250132, at *1 (N.D. Cal. May 13,
26  2015). Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official
27  policy or custom causes a constitutional tort. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91
28  (1978). A municipality, however, may not be held vicariously liable for the unconstitutional acts of

its employees under the theory of *respondeat superior*. *See Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691; *Fuller v. City of Oakland*, 47 F.3d 1522, 1534 (9th Cir. 1995).

To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: "(1) that [the plaintiff] possessed a constitutional right of which [she] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (citations and internal quotation marks omitted). For municipal liability, a plaintiff must plead sufficient facts regarding the specific nature of the alleged policy, custom or practice to allow the defendant to effectively defend itself, and these facts must plausibly suggest that the plaintiff is entitled to relief. *See AE v. County of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012). It is not sufficient to merely allege that a policy, custom or practice existed or that individual officers' wrongdoing conformed to a policy, custom or practice. *See id.* at 636-68. *See also Wilkins v. Alameda Cnty. Sheriff's Office*, No. C 15-1706 LB, 2015 WL 2250132, at *2 (N.D. Cal. May 13, 2015)

Here, the plaintiff does not allege any policy, custom or practice by Alameda County or the Alameda County Sheriff's department that would support a claim for municipal liability under *Monell*. (Complaint, ECF No. 1.) While the plaintiff has not opposed Alameda County's motion to dismiss, even if no request to amend is made, the court should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)). The court therefore grants the motion to dismiss against the County, but does so without prejudice at this stage of the proceedings. The court grants the plaintiff's request for leave to amend the complaint to add the names of the deputies.

**CONCLUSION**

Based on the foregoing, the court **GRANTS** the County of Alameda's motion to dismiss and the County of Alameda is dismissed from this action without prejudice. The plaintiff may file an Amended Complaint consistent with this order by September 30, 2015.

**IT IS SO ORDERED.**

Dated: August 21, 2015

_____
LAUREL BEELER
United States Magistrate Judge

15-cv-02418 LB
ORDER

6